ANNA KRATZSCH AND RUDOLPH KRATZSCH, PLAINTIFFS-PROSECUTORS, v. JOSEPH GRADITOR, DEFENDANT-RESPONDENT.

Submitted January term, 1931—Decided June 29, 1931.

Before Justices CASE, DALY and DONGES.

For the rule, *Sidney Alexander*.

*Contra, Harley, Cox & Walburg.*

PER CURIAM.

Rudolph Kratzsch, owner of an automobile, and his wife, Anna Kratzsch, a passenger therein who suffered personal injuries, sued the defendant, owner and driver of an automobile truck, for damages arising out of a collision between the two vehicles at the intersection of Lexington avenue and Portland avenue in the city of Clifton. The defendant filed a counter-claim. The jury rendered a verdict of no cause of action in favor of the defendant in the plaintiffs' case and

a judgment in favor of the defendant and against the plaintiff Rudolph Kratzsch, in the sum of $75 on the counterclaim. Plaintiffs argue four points on their brief.

The first is that the charge to the jury was improper in that the trial court submitted to the jury, as largely controlling the outcome of the controversy, a question, namely, the insufficiency of lights, not within the issues presented by the pleadings and litigated by the parties. The question of variance was not, however, set up in the reasons and therefore is not properly before us.

The second point is that the court improperly commented on evidence which was not actually adduced in the case and, in connection with the above-mentioned charge, confused and misled the jury. The reference is to that portion of the court's charge which commented on the evidence as to the lights on the Kratzsch car and quoted a portion of the Motor Vehicle act relating to lighting devices. Sufficient to say that the evidence was in the record and that the excerpt from the statute was correctly read. We find no abuse by the court of its privilege of comment.

The third point is that the verdict rendered by the jury was contrary to the weight of the evidence. We find otherwise.

Finally, it is said that the court charged the jury improperly with regard to the right of recovery of the plaintiff Anna Kratzsch. Inasmuch as the charge was in the precise words of this court as expressed in *Jacobson* v. *Bentley Morrison Corporation*, 103 *N. J. L.* 16, we are constrained to say that we find no error therein.

The rule is discharged, with costs.